## Amherst County Board of Supervisors, et al.

### v.

## Central Virginia Electric Cooperative

Record No. 840585

April 24, 1987

Present: Carrico, C.J., Cochran,* Poff, Compton, Stephenson, Russell, and Thomas, JJ.

* Justice Cochran participated in the hearing and decision of this case prior to the effective date of his retirement on April 20, 1987.

*W. Edward Meeks, III, Commonwealth's Attorney,* for appellants.

*Sam D. Eggleston, Jr. (Eggleston & Thelen,* on brief), for appellee.

PER CURIAM.

The sole question in this appeal is whether an electric cooperative subject to local license taxes based on gross receipts was entitled to deduct the wholesale cost of the power it purchased.

Central Virginia Electric Cooperative (CVEC) is a distributor of electric power doing business in some 17 counties, including the County of Amherst. During the times pertinent to this case, CVEC purchased substantially all its electric power at wholesale rates from Virginia Electric Power Company (VEPCO). The electric power sold by VEPCO to CVEC was metered in Nelson County, which then had no local business license tax on utilities. Amherst County had such a tax, but was unable to impose it on the electric power sold by VEPCO to CVEC because no such sales were made in Amherst County.

Amherst County imposed its local business license tax on CVEC, based on CVEC's gross receipts from retail sales to its Amherst County customers. In February 1982, CVEC first filed a report with Amherst County showing its gross receipts without deduction and paid for its 1982 local business license. Three days later, CVEC filed an amended report seeking a deduction from its gross receipts based on the prorated wholesale cost of the electric power it had purchased from VEPCO in Nelson County and sold to retail customers in Amherst County. The amended report sought to recover the overpayment CVEC contended it had made based on its original report. The Commissioner of Revenue of Amherst County (the Commissioner) denied a refund.

In January 1983, CVEC applied to the Commissioner for a 1983 business license, reporting as its gross receipts the balance remaining after deducting its prorated cost of wholesale power purchased from VEPCO. CVEC also attempted to offset its

claimed 1982 overpayment against the local business license tax due in 1983. As a result, the Commissioner refused to issue a 1983 business license.

CVEC brought a motion for declaratory judgment against the Amherst County Board of Supervisors and the Commissioner. After a bench trial, the court ruled that CVEC was entitled to deduct the prorated cost of its wholesale purchases of power from its gross receipts in Amherst County and entered an order directing the Commissioner to pay CVEC its claimed refund and to issue it a 1983 business license. We granted Amherst County an Appeal.

The case is controlled by former Code § 58-603, which provided in pertinent part:

> (2) Any city, town or county may impose a license tax under § 58-266.1 upon such corporation for the privilege of doing business therein, which shall not exceed one-half of one percent of the gross receipts of such business accruing to such corporation from such business in such city, town or county;

> . . . .

> (6) There shall be deducted for purposes of this section from the gross receipts of any electric cooperative, as defined in § 56-209, which is engaged in sales to ultimate consumers, and every corporation engaged in the business of furnishing heat, light and power by means of electricity the amount paid in such taxable period by such cooperative or corporation to purchase electricity from a vendor subject to the state franchise tax.[*]

Code § 58-603(6) was plain and unambiguous. It provided a deduction "for purposes of this section." Thus, it affected § 58-603, of which it was a part, including all sub-parts of that section. One sub-part so affected was § 58-603(2), which was the sole enabling statute permitting localities to impose business privilege license taxes on public service corporations.

---

* When Title 58 was repealed and recodified as Title 58.1, effective January 1, 1985, these provisions were replaced by §§ 58.1-3731 and 3732 which make no provision for deduction of the wholesale cost of electricity from gross receipts for the purposes of local business license taxes. Code § 58.1-2627 does, however, continue such a deduction in effect with respect to the annual state license tax imposed by § 58.1-2626.

■ It is true, as Amherst County points out, that § 58-603(2) said that the localities may impose a license tax "under § 58-266.1," but an examination of the latter section makes clear that it was, with respect to public service corporations, not a grant of local power to tax, but rather a limitation on that power. Code § 58-266.1 provided, in pertinent part:

(1) No city, town or county shall levy any license tax in any case in which the levying of a local license tax is prohibited by any general law of the Commonwealth, *or on any public service corporation* except as permitted by other provisions of law, nor shall this section be construed as repealing or affecting in any way any general law limiting the amount or rate of any local license tax.

(Emphasis added). We therefore construe the words "under § 58-266.1," as contained in § 58-603(2), to mean "subject to the limitations contained in § 58-266.1." Any other construction would impair the power of the localities to impose the tax.

■ Because the power to impose the tax emanated from Code § 58-603(2), and because that section was made subject to a deduction for the wholesale cost of power by § 58-603(6), we will affirm the trial court's judgment.

*Affirmed.*